ALICE GORMAN *vs.* EDWARD McCABE.

PROVIDENCE—JUNE 9, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Equity. Release. Fraud. Probate Law and Practice.*

A bill in equity brought to set aside a release given by a residuary legatee to an executor, on the ground of constructive fraud, set out that the complainant was a woman of advanced years, unable to read or write and ignorant in all matters of business, and that the respondent, as executor of the will of her husband and as her agent in the management of all her property, had been her confidential adviser; that to the belief of complainant she never executed the release, but that if she did it was without understanding the contents and without intending to release the respondent from his obligations to her, but that she did it by the advice of the respondent and because of her confidence in him; and the bill further alleged that the release was without consideration. On demurrer:—

*Held,* that the act of the respondent amounted to constructive fraud, and that complainant was entitled to relief in equity.

*Held,* further, that the fact that the account of respondent as executor was pending in the Municipal Court for settlement could not be held, under the circumstances, to preclude complainant from coming into equity to have the transaction set aside and cancelled, since it was not clear that adequate relief could be obtained in the Municipal Court. The fraud not being actual, but constructive, might not be sufficient to warrant a court of law in declaring the release void, courts of equity acting upon circumstances as presumptions of fraud where courts of law would not deem them satisfactory proof.

BILL IN EQUITY. Heard on demurrer to bill, and demurrer overruled.

TILLINGHAST, J.   The object of this bill is to obtain the cancellation of a release under seal, purporting to have been executed by the complainant, and purporting to release the respondent as executor of the last will and testament of the late Dennis Gorman from all claims which the complainant, as residuary legatee under said will, might otherwise have against the respondent as such executor.   The ground upon which said cancellation is asked is that of constructive fraud on the part of the respondent in connection with the obtaining of the release in question, and also on the further ground of lack of consideration.

The respondent demurs to the bill on the grounds (1) that the complainant has an adequate remedy at law ; (2) that the estate of said Dennis Gorman and all matters connected with the administration and settlement thereof by the respondent as executor is now pending in the Municipal Court of the city of Providence, and that, its settlement being thus pending, this court has not, or at least will not now take, jurisdiction in this cause or over any of the subject-matters of said bill ; and (3) that the complainant states no case which entitles her in a court of equity to any relief against the respondent.

(1)   We think the demurrer should be overruled.   The facts set out in the bill show such a relation between the complainant and respondent as makes the transaction which the bill impeaches clearly fall within the special jurisdiction of a court of equity.   It sets out that the complainant is a woman of advanced years, weak in body, unable to read and write, and ignorant and inexperienced in all matters of business and the management of property ; and that since the death of her husband the respondent, as the executor of the will of her husband and as her agent in the management of all her property, has been her confidential adviser in all matters relating to her property, and that she has at all times implicitly relied upon and followed his advice and direction in her business affairs.

The bill also sets out that to the best knowledge and belief of the complainant she never executed the release which she seeks to have cancelled, but that if she did execute the same

she did so without knowing or understanding the contents and legal effect thereof and without intending in any way to release the respondent from his obligations to her, but that she did so by the advice and direction of the respondent and wholly because of her implicit confidence and trust in his honesty and good intent and relying entirely thereon. And the bill further alleges that said release was wholly without consideration.

In view of these allegations, which must be taken as true for the purposes of the demurrer, we think it is clear that the act of the respondent in obtaining the release in question amounted to fraud in law, or constructive fraud upon her, and hence entitles her to relief in a court of equity. Indeed, it is the peculiar province of such a court to set aside conveyances obtained by persons holding such a relation of trust and confidence as the respondent is shown to have sustained to the complainant. *Anthony* v. *Hutchins*, 10 R. I. 165; *Bowen* v. *Wolf*, 23 R. I. 56.

The mere fact that the respondent is the executor of said will, and that his account as such executor is now pending in the Municipal Court for settlement, cannot be held under the circumstances to preclude the complainant from coming into a court of equity to have such a transaction as that complained of set aside and cancelled. If it were clear that the release in question could be avoided by the complainant in the Municipal Court, if there set up by the respondent in bar to an accounting by him, as it doubtless would be, and that full and adequate relief could thereby be obtained by the complainant, the case would be different. But we do not think it is. The fraud complained of is not actual, but constructive, fraud, and hence might not be sufficient to warrant a court of law in declaring the release in question to be void, though it might be sufficient to warrant a court of equity to do so, as a court of equity does not restrict itself by the same rigid rules as a court of law in the investigation of fraud and in the evidence and proof required to establish it. "It is equally a rule in courts of law and courts of equity," says Judge Story (Story's Eq. Jur. vol. 1, 13th ed. § 190), "that fraud is not

to be presumed, but it must be established by proofs. Circumstances of mere suspicion leading to no certain results will not in either of these courts be deemed a sufficient ground to establish fraud. On the other hand, neither of these courts insists upon positive and express proofs of fraud ; but each deduces them from circumstances affording strong presumptions. But courts of equity will act upon circumstances as presumptions of fraud, where courts of law would not deem them satisfactory proofs. In other words, courts of equity will grant relief upon the ground of fraud established by presumptive evidence, which evidence courts of law would not always deem sufficient proof to justify a verdict at law. It is in this sense that the remark of Lord Hardwicke is to be understood when he said that 'fraud may be presumed from the circumstances and condition of the parties contracting ; and this goes farther than the rule of law, which is that fraud must be proved, not presumed.' And Lord Eldon has illustrated the same proposition by remarking that a court of equity will, as it ought, in many cases, order an instrument to be delivered up as unduly obtained, which a jury would not be justified in impeaching by the rules of law, which require fraud to be proved, and are not satisfied though it may be strongly presumed." See also *Jackson* v. *King*, 4 Cow. 207, at pp. 220, 221; *Chesterfield* v. *Janssen*, 2 Ves. 155–6 ; *Fullagar* v. *Clark*, 18 Ves. 483.

The case of *Blake* v. *Butler*, 10 R. I. 133, relied on by counsel for respondent, was one where actual fraud was set up in the bill ; and hence the plaintiff there clearly had an adequate remedy in the court where the accounting by the defendant as administrator was pending. We think the case at bar is clearly distinguishable from that, on the ground that, as already suggested, the fraud here alleged is constructive and not actual fraud.

The demurrer is overruled.

*Robert W. Burbank, and Herbert A. Blake*, for complainant.

*Tillinghast & Tillinghast*, for respondent.